IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  8:12CR352 |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | MEMORANDUM AND ORDER |
| DANIEL APONTE, | ) ) | |
| Defendant. | ) | |

This matter is before the Court for initial review of the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") (Filing No. 118) filed by the Defendant, Daniel Aponte.  The Defendant's motion is supported by a brief which is attached to the motion. Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

### FACTUAL BACKGROUND

Aponte pleaded guilty to Count I of the Indictment charging him with possession with intent to distribute heroin.  A Petition to Enter a Plea of Guilty (Filing No. 62) was filed on April 15, 2013.  There was no plea agreement in this matter.

On July 15, 2013, the defendant was sentenced to the custody of the Bureau of Prisons on Count I for 51 months followed by five years of supervised release.  The property that was the subject of Count I was forfeited.   A direct appeal was not filed.

**DISCUSSION**

In Ground One of his § 2255 motion, Aponte contends that he received ineffective assistance of counsel from his retained counsel, Michael D. Nelson, in a number of respects: (Claim One) failure to appeal the court's ruling regarding his suppression motion; (Claim Two) failure to preserve the right to appeal that ruling in the plea agreement; (Claim Three) failure to discuss the foregoing with the defendant prior to execution of the plea agreement; and (Claim Four) failure to appeal the court's final judgment. In Ground Two, Aponte contends that the stop, search and seizure of his vehicle, due to a partially unobstructed plate, was unconstitutional.

**I.   Ground One - Ineffective Assistance of Counsel Claims**

The United States shall respond to Aponte's first and fourth claims that his counsel was ineffective by failing to appeal the court's ruling regarding the suppression motion and the final judgment. With regards to Claims Two and Three, Aponte did not enter into a plea agreement, therefore any allegations of ineffective assistance of counsel with respect to a plea agreement will be denied.

**II.   Ground Two - Unconstitutional Stop, Search and Seizure**

The United States shall respond to Ground Two in which Aponte's argues that the original reason for the stop traffic was unconstitutional, based upon the recent decision by the Eighth Circuit Court of Appeals in *U.S. v. $45,000.00*, 749 F.3d 709 (8th Cir. 2014).

IT IS ORDERED:

1. The Court has completed the initial review of the defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") (Filing No. 118);

2. Upon initial review, the Court finds that summary dismissal is not required with respect to Ground One, Claims One and Four, and Ground Two of the § 2255 motion;

3. The government is ordered to answer the following claims on or before September 2, 2014, and support its answer with a brief: Ground One, Claims One and Four, and Ground Two;

4. On or before October 3, 2014, the defendant may file a responsive brief addressing only Ground One, Claims One and Four, and Ground Two; and

5. The Clerk is directed to mail a copy of this Memorandum and Order to the defendant at his last known address.

DATED this 30th day of July, 2014.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge