IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  8:12CR352 |
| Plaintiff, | )<br>)<br>) | |
| vs. | )<br>) | MEMORANDUM<br>AND ORDER |
| DANIEL APONTE, | )<br>) | |
| Defendant. | ) | |

  This matter is before the Court on the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (§ 2255 motion) (Filing No. 118).  The Court conducted an initial review of the § 2255 motion and in its Memorandum and Order (Filing No. 119) directed the government to respond to Ground One, Claims One and Four (ineffective assistance of counsel for (a) failure to appeal the Court's ruling on his motion to suppress and (b) failure to appeal the Court's final judgment), and Ground Two (application of *U.S. v. $45,000.00*, 749 F.3d 709 (8th Cir. 2014), suggesting that a partially obscured license plate is not grounds for a vehicle stop).

  The government filed its answer, brief in support of its answer, and index of evidence (Filing Nos. 125, 126, and 127) and the Defendant filed a rebuttal (Filing No. 129).  After review of the submitted documents, the Court ordered the Magistrate Judge to receive evidence and issue findings and recommendation. (*See* Filing No. 130).  Counsel was appointed to represent the Defendant, but withdrew pursuant to the Defendant's motion to proceed pro se.  (*See* Filing No. 144.)  The parties submitted additional briefs (Filing Nos. 147 and 148) and the government submitted additional evidence (Filing No. 147).  After consideration of the parties' briefs and evidence,

Magistrate Judge Gossett issued his Findings and Recommendation (Filing No. 150), recommending that the Defendant's § 2255 Motion be denied.

The Court has conducted an independent review of the briefs and evidence, and adopts the Magistrate Judge's Findings and Recommendation in their entirety, incorporating by reference herein the factual background and discussion presented in Filing No. 150.

The Defendant has not demonstrated that counsel representing him at the time of his motion to suppress and sentencing performed "below the minimum standards of professional competence" by failing to appeal the Court's denial of Defendant's motion to suppress or by failing to appeal the final judgment; nor has Defendant demonstrated a "reasonable probability that the result of the proceedings would have been different" had counsel filed appeals.  See *Alaniz v. United States*, 351 F.3d 365, 367 (8th Cir. 2003), citing *Strickland v. Washington*, 466 U.S. 668, 690 (1984).  The uncontroverted evidence before the Court demonstrates that the Defendant did not request that his counsel file any appeal in this case (*see* Affidavit of Michael D. Nelson, Filing No. 127-1 at ¶ 8) and that counsel advised the Defendant that by pleading guilty he was waiving his right to appeal the denial of the motion to suppress (*see* Affidavit of Michael D. Nelson, Filing No. 147-1 at ¶ 1).[1]

Although the Defendant appears to suggest that his counsel should have anticipated the Eighth Circuit decision in *U.S. v. $45,000.00*, which was issued after the Defendant's

---

[1] As part of the undersign's standard plea colloquy, the Court also advises all defendants, except those with conditional plea agreements, that by pleading guilty they are waiving their right to appeal the manner in which the government obtained its evidence against them, including the manner in which they were searched or questioned, and each defendant's acknowledgment of the waiver is obtained on the record.

sentencing and after the time to appeal had expired, the failure to anticipate a future ruling of an appellate court is not performance below the minimum standards of professional competence. The decision in *U.S. v. $45,000.00* has not been applied retroactively, and even if it were, it would not result in the suppression of evidence seized during the Defendant's traffic stop, because the Defendant's license plate was obscured to such an extent that a reasonable officer would not likely be able to discern the origin of the plate. (*See* Attachments to Affidavit of Michael D. Nelson, Filing No. 127-2, 127-3.)

Accordingly,

IT IS ORDERED:

1. The Magistrate Judge's Findings and Recommendation (Filing No. 150) are adopted in their entirety;

2. The Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (§ 2255 motion) (Filing No. 118) is denied;

3. The Clerk will mail a copy of this Memorandum and Order to the Defendant's last known address; and

4. A separate Judgment will be issued.

DATED this 4th day of June, 2015.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge